# STATE OF MICHIGAN

# COURT OF APPEALS

KEVIN SMITH,

　　　　Plaintiff-Appellant,

v

CITY OF FLINT,

　　　　Defendant-Appellee.

FOR PUBLICATION
November 5, 2015

No. 320437
Genesee Circuit Court
LC No. 13-100532-CZ

Before: FORT HOOD, P.J., and SAAD and RIORDAN, JJ.

Fort Hood, J. (*dissenting*).

I respectfully dissent from the majority opinion. I agree with the majority's determinations regarding the applicable law, but I disagree with the analysis. I would conclude that a question of fact exists regarding whether defendant discriminated against plaintiff regarding the terms, conditions, location, or privileges of his employment, and reverse and remand for further proceedings.

In regard to plaintiff's change from full-time union president to road patrol, I agree that plaintiff has not established a question of fact that this act constituted discrimination pursuant to MCL 15.362. Defendant's emergency manager eliminated the position of full-time union president in April 2012, months before plaintiff initiated any public criticism of defendant. While acting as union president may have been a privilege of plaintiff's employment, there is no question that the act was not retaliatory given the timing of the events.

However, plaintiff's assignment to the night shift in Flint's north end provides a closer question. Plaintiff, who had worked from 8:00 a.m. until 4:00 p.m. in his capacity as union president, was informed in writing that he was being assigned to road patrol. The letter stated that plaintiff's hours would be 8:00 a.m. to 4:00 p.m. However, plaintiff was actually assigned the night shift in the north end of Flint. Plaintiff asserts that the north end was "considered crime ridden and a much more dangerous area of assignment for police officers" and that the south end was "a more safe area" compared to the north end. Plaintiff indicated that he did not know of any other patrol officers that were assigned to work the north end (or any other area) exclusively. Plaintiff also alleged that he was told that he would not be allowed to work in the south end. In addition, plaintiff claimed that his assignment to night shift prevented him from conducting his union duties, which must be performed during daylight hours. According to plaintiff, his assignment to the night shift was deliberately designed to thwart his union duties. In response,

-1-

defendant claimed that plaintiff's concerns regarding his hours and shift were only his subjective complaints, and that plaintiff did not provide any objective evidence that his transfer affected the terms, conditions, location, or privileges of his employment.

I would hold that there is a question of fact regarding whether plaintiff's claims constitute discrimination. Plaintiff's hours and the location of his shift were changed, which I believe relate to the terms and location of his employment. In particular, plaintiff was informed in writing that his hours on road patrol would be 8:00 a.m. until 4:00 p.m., which was consistent with his former schedule. Plaintiff's work hours relate to a term of his employment. Moreover, accepting plaintiff's claims as true, it does appear as though he would be unable to perform his union duties during his shift, even assuming he was able to obtain a supervisor's permission as required by Order 18. In addition, plaintiff was assigned exclusively to the north end, which relates to the terms and location of his employment. Plaintiff alleged that this area was more dangerous and that no other officers were exclusively assigned to that area. Viewing the complaint in a light most favorable to plaintiff, *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999), I believe that plaintiff has established a question of fact whether these actions could be objectively and materially adverse to a reasonable person. *Peña v Ingham Co Rd Comm*, 255 Mich App 299, 312; 660 NW2d 351 (2003). Accordingly, I would hold that there is a question whether the actions by defendant constituted discrimination regarding the terms and location of defendant's employment pursuant to MCL 15.362.[1]

For the reasons stated, I would reverse and remand to the trial court for further proceedings.

/s/ Karen M. Fort Hood

---

[1] I limit my dissent to the issue that our Supreme Court directed this Court to consider and, thus, do not address the majority's discussion of whether plaintiff pled sufficient facts to establish a protected activity. *Smith v City of Flint*, 497 Mich 920; 856 NW2d 384 (2014).